As does the majority, I find no relevancy between appellant's illegal immigration status and the murder for which he was being tried and agree that this character evidence was erroneously admitted. However, I likewise agree with the majority that, under the circumstances, the erroneous admission of this character evidence was harmless.

DECIDED MAY 16, 1994.

*J. Philip Carr*, for appellant.
*Richard A. Malone, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General*, for appellee.

S93Y0674, S93Y1363, S94Y0256, S94Y0259, S94Y0261.
IN THE MATTER OF JOHN N. CRUDUP.
(442 SE2d 736)

PER CURIAM.
In the five disciplinary matters numbered above, Respondent Crudup abandoned matters he had undertaken, for most of which he had been paid a retainer or some fee. He filed no response to two of the complaints and filed untimely responses to three of them. In four cases, the review panel recommended suspension; in the fifth it recommended disbarment. The responses filed did not deny the wrongdoing, but merely set forth in mitigation that Crudup is suffering from a terminal illness and wishes to be suspended so that he can die while a lawyer. In light of all the circumstances of this case, we find it appropriate to suspend Respondent for five years, conditioned on certification by the State Bar to this court that Respondent has, within 30 days of the date of this opinion, repaid to each of the complainants the full amount of fees and retainers and returned to the complainants all papers entrusted to him in connection with the representation undertaken by Respondent. Should Respondent fail to meet the condition set herein, he shall be disbarred from the practice of law in Georgia as of 30 days from the date of this opinion.
*Suspension for five years, on condition. All the Justices concur.*

DECIDED APRIL 18, 1994 —
RECONSIDERATION DENIED MAY 26, 1994.

*William P. Smith III, General Counsel State Bar, Cynthia Hinrichs Acree, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Edward W. Clary,* for Crudup.

S93G1664. CSX TRANSPORTATION, INC. v. ADKINS et al.
(442 SE2d 737)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals in *CSX Transp. v. Adkins,* 209 Ga. App. 488 (433 SE2d 392) (1993), to determine whether the causes of action in this case accrued more than three years before the suits were filed and were, therefore, barred by the statute of limitation. On September 5, 1990, Donnie Adkins and Roy Wagers filed suit against CSX Transportation, Inc. (CSX) seeking damages under the Federal Employers Liability Act (FELA), 45 USC § 51 et seq., for injuries resulting from work-induced toxic encephalopathy, a degenerative brain disease. After discovery, CSX moved for summary judgment in both cases on the grounds that the action was brought outside the statute of limitation. The trial court denied the motions. On interlocutory appeal, the Court of Appeals affirmed the trial court, holding that there was a genuine issue of material fact as to whether either employee should have investigated sooner the possibility of permanent injury. We agree and affirm.

Donnie Adkins and Roy Wagers were employed by CSX for many years at the Corbin diesel locomotive shop, where both men had as one of their primary duties the degreasing of locomotive electrical parts. The solvents used in the degreasing process are volatile chlorinated hydrocarbons which are toxic with chronic overexposure. From the beginning and throughout the years of their employment with CSX, both Adkins and Wagers experienced various symptoms of exposure to these solvents. More recently, both men have suffered from memory loss, depression, confusion, loss of balance and headaches, the symptoms of toxic encephalopathy.

Actions maintained under the FELA must be filed within three years from the day the cause of action accrues. 45 USC § 56. A claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known. *Dubose v. Kansas City Southern R. Co.,* 729 F2d 1026 (5th Cir.), cert. den. 469 U. S. 854 (105 SC 179, 83 LE2d 113) (1984). CSX points out that Adkins and Wagers testified to experiencing symptoms of exposure from the beginning of their employment, and that the men both were aware that their symptoms improved when they moved away from the solvents and also complained that these symptoms were caused by their exposure to the solvents. From this, CSX argues that the plaintiffs knew, or in exercise of reasonable diligence should have known, of their injuries and